{¶ 16} I concur in judgment only. Thompson does not, as the majority concludes, stand for the proposition that pursuant to R.C.2967.021, parolees sentenced prior to Senate Bill 2 but accused of escape after its effective date cannot be found to be escapees pursuant to R.C.2967.15(C). Rather, Thompson specifically questions whether R.C. 2967.021
limits the application of the 1998 version of R.C. 2967.15 to "prisoners who were sentenced before 1996 but accused of escaping after 1998?" After analyzing the language of the statute, the Thompson court concluded that "because of the circularity of [R.C. 2967.021]B and the ambiguity of [R.C. 2967.021]A, * * * at the very least, the statute is sufficiently ambiguous to require us to construe it against the state." Accordingly, this court vacated Thompson's conviction for escape. Tuttle's conviction for escape in this case should be similarly vacated — not because "pursuant to R.C. 2967.021, he cannot be convicted of escape under R.C.2967.15(C)," but because R.C. 2967.021 is too ambiguous to determine whether Tuttle can be convicted of escape pursuant to R.C. 2967.15 and, therefore, the statute must be construed against the State.